IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| v. | ) | CASE NO. 2:05CR5 |
| | ) | (Financial Litigation Unit) |
| KOULA JANE LITTLEJOHN, | ) | |
|     Defendant. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EASTERN BAND OF CHEROKEE INDIANS, | ) | |
|     Garnishee. | ) | |

## ORDER OF GARNISHMENT

**THIS MATTER** is before the Court on this Court's writ of continuing garnishment, filed August 9, 2006; the answer of the Eastern Band of Cherokee Indians (Tribe), as the Garnishee, filed August 25, 2006; the answer of the Defendant, filed October 2, 2006; and the Response of the United States to the Garnishee's and the Defendant's Answers, filed November 11, 2007.

On December 9, 2005, the undersigned sentenced the Defendant to 48 months incarceration for her conviction of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§113(a)(6), 1153. **Judgment in a Criminal Case, filed January 25, 2006, at 1-2.** As part of that Judgment,

the Defendant was ordered to pay an assessment of $100.00 and restitution of $197,881.93 to the victims of the crime. *Id.* at 4.

The Government now seeks to garnish the Defendant's *per capita* distribution of gaming revenues received twice a year from the Tribe. The Tribe has answered that such funds are immune from garnishment due to the sovereign nature of the Tribe. The Defendant, Littlejohn, has also answered that the funds are immune because there is a child support Order pending in the Cherokee Tribal Court, which must be paid from the same distribution.

Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit. ***C&L Enters., Inc. v. Citizen Band of Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001).** Congress may, however, abrogate that immunity if it does so unequivocally. *Id.* **at 418;** ***N. States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty.,* 991 F.2d 458, 462 (8th Cir. 1993) ("Congress has the power to statutorily waive a tribe's sovereign immunity.").**

When Congress enacted the Federal Debt Collection Procedure Act (FDCPA) in 1990, it defined a "garnishee" as any person who has custody

of any property in which the debtor has a substantial nonexempt interest; and, it defined "person" as including an Indian tribe. **28 U.S.C. §§ 3002(7) & (10).** The FDCPA thus uses unequivocal language to waive the tribes' immunity. *U.S. v. Weddell,* **12 F. Supp. 2d 999, 1000 (D.S.D. 1998) ("The Court concludes that Congress unequivocally expressed a waiver of the Indian tribes' sovereign immunity in the clear and unambiguous language of the Federal Debt Collection Procedure Act."),** *aff'd***, 187 F.3d 634 (8th Cir. 1999).**

As a result, the Tribe, as the Garnishee, must pay over to the federal government any property in which the Defendant has a nonexempt interest. *Id.* That property includes a *per capita* distribution to tribal members of gaming revenues. ***See In re Kedrowski,* 284 B.R. 439, 448-49 (Bankr. W.D. Wis. 2002).**

The FDCPA also provides, however, that a judicial order "for the support of a person shall have priority over a writ of garnishment issued under this section." **28 U.S.C. § 3205(c)(8).** As a result, any order of support of the Defendant's child(ren) has priority, a point which the Government concedes.

The Government has filed an Annual Accounting of Garnishment

dated November 1, 2007, stating that the Government has received one (1) *per capita* garnishment payment from the Tribe totaling $1,367.00. According to the Annual Accounting, the balance after the posting of said payment is $196,239.93, as of October 30, 2007.

**IT IS ORDERED** that the Garnishee's motion to quash the writ of garnishment on the basis of sovereign immunity is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that any Order(s) entered in the Cherokee Tribal Court for the Defendant's child support obligation, will have priority over the writ of garnishment issued by this Court until such time as the child support obligation has expired; and

**IT IS FURTHER ORDERED** that subject to the child support Order(s) entered in the Cherokee Tribal Court for the Defendant's child support obligation, an Order of Garnishment is hereby **ENTERED** in the amount of $196,239.93, computed through October 30, 2007, which attaches to each *per capita* distribution of gaming revenues on account of the Defendant, subject to the priority of the pending child support obligation; and

**IT IS FURTHER ORDERED** that any *per capita* gaming revenue that exceeds the child support obligation shall be garnished in favor of the United States.

Signed: November 15, 2007

*[signature]*

Lacy H. Thornburg
United States District Judge